UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NASSAU COUNTY TRAFFIC AND PARKING
VIOLATION AGENCY, NASSAU NY PHOTO
ENFORECEMNT DIVISION, THE STATE OF
NEW YORK,

        Plaintiffs,

  -against-

JOVANNI GIUSEPPE WHYTE, ex rel.,
JOVANNI GIUSEPPE WHYTE, sui juris,
all rights reserved with recourse: UCC 1-308,
UCC 1-103,
        Defendant.
-----------------------------------------------------------------X

For Online Publication Only

**SUMMARY ORDER OF REMAND**
18-CV-5319 (JMA) (AYS)

**JOAN M. AZRACK, District Judge:**

  On September 20, 2018, *pro se* defendant Jovanni Giuseppe Whyte ("Whyte" or "defendant") filed a Notice of Removal in this Court together with an "Affidavit of Financial Statement In Forma Pauperis" ("IFP application"). Although the IFP application is entitled "Affidavit of Financial Statement," it does not contain any information concerning Whyte's financial position and, rather, asserts that he refuses to provide any such information. (*See* Docket Entry No. 2.) Accordingly, by Notice of Deficiency dated September 27, 2018, Whyte was instructed to, within fourteen (14) days, either remit the $400 filing fee or complete and return the enclosed application to proceed *in forma pauperis*. (*See* Docket Entry No. 5.) To date, Whyte has not paid the filing fee or submitted a proper application to proceed *in forma pauperis*.

  Instead, on October 4, 2018, Whyte filed an "Affidavit of Fact Writ of Error" wherein Whyte explains that he has no intention of complying with the Notice and that the only financial information he will provide to the Court is that he "does not have or possess and gold or silver

1

coins." (*See* Docket Entry No. 7.) Also on October 4, 2018, Whyte filed an incoherent "Memorandum of Law in Support of Status as Litigant Proceeding in Propria Persona" and a "Memorandum of Law on Pro Se: Persuant [sic] to Admiralty and Maritime Claims E(8)." (*See* Docket Entry Nos. 8-9.)

Given Whyte's failure to remit the $400 filing fee or timely file a proper application to proceed *in forma pauperis*, so as to no longer further delay any state court proceedings, this matter is summarily remanded to the Nassau County Traffic and Parking Violations Agency Photo Enforcement Division, 16 Cooper Street, Hempstead NY 11550. The Clerk of the Court is directed to: (1) mail a copy of this order to all parties and to the Clerk of the Nassau County Traffic and Parking Violation Agency, Photo Enforcement Division, pursuant to 42 U.S.C. § 1447(c), and (2) close this case.[1]

### Litigation Injunction Warning

Whyte is no stranger to this Court. This is his second unsuccessful attempt to remove a traffic ticket to this Court. See Suffolk County Traffic and Parking Violation Agency v. Whyte, 18-CV-4626 (Summary Order of Remand dated August 16, 2018). Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those

---

[1] The Court notes that even if Whyte had paid the filing fee or been granted *in forma pauperis* status, the action would still be summarily remanded given his failure to comply with any of the procedural requirements of 28 U.S.C. § 1446(a). Moreover, it is unlikely that this Court has subject matter jurisdiction over this case. In the absence of the underlying complaint it is impossible for the Court to analyze the jurisdictional question but, given that all parties are New York citizens, diversity jurisdiction is lacking and it is unlikely that the State Court traffic citation issued to plaintiff implicates a federal claim.

2

circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events).  Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts.  In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction.  Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).  The Court is especially cognizant of Whyte's *pro se* status and has considered his submissions in as positive light as possible.  Nonetheless, the Court now warns Whyte that similar, future removal actions will not be tolerated.  Given Whyte's litigation history and refusal to comply with the Court's procedures, the Court cautions Whyte that, should he file another removal action challenging a state traffic or parking violation, the Court will order him to show cause why a litigation bar should not be entered.

Finally, Whyte is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should he file or remove another action relating to traffic or parking violations, it is within the Court's authority to consider imposing sanctions upon him.  See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir.

1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (*per curiam*)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Dated: October 16, 2018
        Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge